IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                          )
                                                )
ROBERT B. COCHONOUR,                            )  Bankruptcy Case No. 06-60031
                                                )
                    Debtor.                     )

## OPINION

This matter having come before the Court on Jay E. Hayden Foundation and Jay E. Hayden Estate's Motion for Modification of the Automatic Stay or, Alternatively, for Declaration of the Automatic Stay's Inapplicability with Respect to Debtor to Appear in State Court and Answer Questions Concerning Estate Assets and Respond to Contempt Petition(s), and Debtor's Objection to Motion for Modification or Declaration of Inapplicability of Stay Filed by Jay Hayden Foundation and Jay E. Hayden Estate; the Court, having heard arguments of counsel, reviewed the written memoranda filed by the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

A hearing was held in this matter on March 30, 2007, at which time the Court gave the parties an opportunity to file written memoranda of law. The parties have subsequently filed their written memoranda therein.

Pursuant to their motion, the Movants want to accomplish three things:

(1)  Require the Debtor, the former Executor of the Jay E. Hayden Estate, to appear in Probate Court and respond to questions about the final accounting he filed as Executor of the Estate of Jay E. Hayden, Deceased, in Case No. 85-P-2, now pending in the Circuit Court for the Fifth Judicial Circuit of Cumberland County, Illinois;

(2)  Then, if Debtor will not appear in Court and answer the questions put to him, allow Movants, the Probate Court, or any other interested person to bring a contempt action Debtor without risking a violation of the automatic Stay; and,

(3) Proceed with the Jay E. Hayden Foundation's Petition for Adjudication of Criminal Contempt against the Debtor now pending in the Estate of Jay E. Hayden.

In their motion, Movants assert that they will not, and are not, seeking permission to obtain any additional monetary judgments against the Debtor or to enforce the existing judgment against the Debtor. Movants assert that the sole purpose of the proceedings will be to learn the fate of missing estate assets (J. E. Hayden Estate assets), and that the proceedings will concern the approval of the Debtor's final accounting in the Jay E. Hayden Estate. Based upon the authority cited in the Movants' written memorandum of law, the Court finds that the relief requested by the Movants should be granted, with the qualification that the Movants cannot seek additional monetary judgments against the Debtor or commence any action to enforce the existing judgment against the Debtor, as such actions would be an attempt to seek collection against Debtor's assets or assets of the Debtor's bankruptcy estate, which would be a violation of the automatic stay pursuant to 11 U.S.C. § 362(a).

ENTERED: April  12 , 2007.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge