IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE: )
)
ROBERT COCHONOUR, ) Bankruptcy Case No. 06-60031
)
Debtor. )

OPINION

This matter having come before the Court on a Motion to Impose Sanctions Against Martha L. Hayden Estate and its Counsel Pursuant to 11 U.S.C. § 362(k) and on Martha Hayden Estate and Frederick Roth's Memorandum of Law in Opposition to Debtor's Sanctions Motion; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

1. The Debtor filed for relief under Chapter 7 of the Bankruptcy Code on February 9, 2006.

2. On January 27, 2006, Charles Palmer, Administrator to Collect for the Estate of Martha Hayden, Deceased, (Palmer), filed a lawsuit No. 06-L-03, in the Circuit Court for the Fifth Judicial Circuit, Cumberland County, Illinois, against Edward D. Jones, Dwight Erskine, and Robert Cochonour (Cochonour).

3. The Complaint filed by Palmer in State Court alleged in general that Cochonour had forged the signature of Martha Hayden on the back of a check for $188,473, and that the other defendants participated with Cochonour in depriving Martha Hayden of those funds.

4.     Initially, the Martha Hayden Estate did nothing to prosecute the State Court action following Cochonour's filing for bankruptcy relief on February 9, 2006.

5.     On May 15, 2006, the Martha Hayden Estate, the Jay E. Hayden Foundation, the Jay E. Hayden Estate, and the Maurine R. Johnson Estate filed Adversary Proceeding No. 06-6030 in Cochonour's bankruptcy case.  The adversary proceeding complaint included a count where the Martha Hayden Estate alleged precisely the same facts regarding the alleged forgery of the $188,473 check that were the subject matter of the State Court action.

6.     Adversary Proceeding No. 06-6030 was resolved by the filing of a Consent Judgment on July 17, 2007.

7.     On December 5, 2006, the Martha Hayden Estate filed a Motion in this case seeking permission to proceed with the State Court action against only the non-debtor defendants.  Since the lift stay motion clearly ruled out pursuit of the Debtor, the Debtor did not object, and this Court entered an Order granting the relief requested.  Notwithstanding the granting of stay relief, the Martha Hayden Estate did not prosecute the State Court action against either Edward D. Jones or Dwight Erskine.

8.     In March 2007, the Jay E. Hayden Estate and the Jay E. Hayden Foundation filed a Motion seeking relief from the stay to question the Debtor about a final accounting of the Hayden Estate.  The Motion brought by Jay E. Hayden Estate and Jay E. Hayden Foundation specifically stated that the Movants did not seek to bring an action against the Debtor or his property.  This Motion for Relief from Stay was granted with this Court specifically stating in its Opinion that:

> . . . the Movants cannot seek additional monetary damages against the Debtor or commence any action to enforce the existing judgment against the Debtor, as such actions would be an attempt to seek collection against Debtor's assets or assets of the Debtor's bankruptcy estate, which would be a violation of the automatic stay pursuant to 11 U.S.C. § 362(a).

9. Notwithstanding the statutory language of 11 U.S.C. § 362(a) and the language of this Court's Opinion and Order of April 25, 2007, as stated above, the Martha Hayden Estate caused a summons and Complaint in the State Court action to be served on the Debtor.

10. The Martha Hayden Estate did not seek or obtain relief from the automatic stay before serving the Debtor with the State Court Complaint.

11. Service of the State Court Complaint by the Martha Hayden Estate clearly violated the automatic stay.

12. Both Charles Palmer and Attorney Frederick Roth agree in the pleading entitled Martha Hayden Estate and Frederick Roth's Memorandum of Law in Opposition to Debtor's Sanctions Motion that the April 25, 2007, service of process upon Debtor, Robert Cochonour, violated 11 U.S.C. § 362(a)(1), and that that violation likely amounted to a willful violation of the automatic stay.

## Conclusions of Law

Pursuant to 11 U.S.C. § 362(k), an individual injured by any willful violation of the automatic stay under § 362 shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. In this case, the violation of the automatic stay was clearly willful and both Charles Palmer and Attorney Frederick Roth admit to such a violation. As a result, the Debtor is entitled to recover actual damages, including costs and attorneys' fees. See: Patton v. Shade, 263 B.R. 861 (C.D. Ill. 2001) See also: In re Fridge, 329 B.R. 182 (Bankr. N.D. Ill. 1999).

In this matter, the Court finds that, while the Debtor has shown that there was a willful violation of the automatic stay and that some damages should be awarded, there is no basis upon which to find an award of punitive damages. In his Motion, the Debtor seeks actual damages in the amount of $3,078, representing attorneys' fees necessary in bringing the instant Motion and for prosecuting the same. While the Court finds that some damages are appropriate, it concludes that no real harm came to the Debtor as a result of the actions

of Charles Palmer and Frederick Roth, and, as such, the Court finds that a sanction in the amount of $1,000, payable as attorney fees to Debtor's counsel, David A. Warfield, is appropriate.

    ENTERED:  August 2, 2007.

                                                /s/Gerald D. Fines  
                                                GERALD D. FINES  
                                                United States Bankruptcy Judge