IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                    )
                                          )
ROBERT COCHONOUR,                         )    Bankruptcy Case No. 06-60031
                                          )
           Debtor.                        )

O P I N I O N

      This matter having come before the Court on Creditors' Motion to Dismiss Case; Creditors' Supplement to Motion to Dismiss Case; Debtor's Motion to Strike Creditors' Pre-Trial Brief and Motion in Limine to Exclude Admission of Irrelevant and Prejudicial Evidence; Motion of Robert G. Grierson to Quash Subpoena; and Amendment to Motion of Robert G. Grierson to Quash Subpoena; the Court, having heard sworn testimony, having reviewed written arguments of the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

      The Court will first address the Motion of Robert G. Grierson to Quash Subpoena and the amendment thereto. These pleadings are governed by Rule 45 of the Federal Rules of Civil Procedure. The Court finds that, pursuant to Rule 45(c)(3)(A)(ii) and Rule 45(c)(3)(B)(iii), the subpoena directed to Robert G. Grierson must be quashed. The matters which Mr. Grierson was subpoenaed to testify about were irrelevant to the issues raised in Creditors' Motion to Dismiss Case and the supplement thereto. Pursuant to Rule 45(c)(1), the Court finds that the Creditors, Jay E. Hayden Foundation, Estate of Jay E. Hayden, and Estate of Martha Hayden,

and their counsel should be sanctioned in the amount of $300 to compensate Attorney Robert G. Grierson for his time in this matter.

In considering Creditors' Motion to Dismiss Case and the supplement thereto, the Court finds that this matter is governed by 11 U.S.C. §707(a), which states:

> (a)    The Court may dismiss a case under this chapter only after notice and a hearing and only for cause, including --
>
> > (1)    unreasonable delay by the debtor that is prejudicial to creditors;
> >
> > (2)    nonpayment of any fees or charges required under chapter 123 of title 28; and
> >
> > (3)    failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

The legislative history for 11 U.S.C. §707(a) specifically indicates that the three causes under §707(a) are not exclusive, but are merely illustrative of the types of conduct warranting dismissal of a Chapter 7 case. See:  H.R.Rep. No. 95-595 at 830 (1977).  The decision whether to grant or deny a motion to dismiss a Chapter 7 petition pursuant to 11 U.S.C. §707(a) lies within the sound discretion of the bankruptcy judge.  In re Marra, 179 B.R. 782 (Bankr. M.D. Pa. 1995).  In determining whether cause exists for dismissal under §707(a), the Court must consider the equities, including the possible benefits to creditors or prejudice of dismissal against the debtor.  In re Timmerman, 379 B.R. 838 (Bankr. N.D. Iowa 2007); In re Peklo, 201 B.R. 331 (Bankr. D. Conn. 1996).

In considering Creditors' argument in support of Creditors' Motion to Dismiss Case and supplement thereto, the Court finds that, under the facts of this case, the Debtor, Robert Cochonour, has properly asserted his Fifth Amendment rights as to questions posed by Creditors in Rule 2004 Examinations of the Debtor and in

hearings before this Court.  The Debtor's limited testimony before this Court, the record of his Chapter 7 bankruptcy proceeding, and the record of related proceedings lead the Court to conclude that the Debtor has credible reasons why his answers to questions posed would tend to incriminate him.  <u>In re Blan</u>, 239 B.R. 385 (Bankr. W.D. Ark. 1999).  The Debtor has also shown, under the facts of this case, that there is a real and appreciable danger of incrimination without the Debtor invoking the Fifth Amendment.  The Court further finds that, while the Debtor has refused to answer many questions, he has not refused to answer all questions, and it is apparent that the Chapter 7 Trustee has successfully administered the Debtor's bankruptcy estate and has not joined Creditors in their request for dismissal.

In addition to concluding that the Debtor has properly asserted his Fifth Amendment privilege, the Court finds that dismissal of the Debtor's Chapter 7 petition at this stage of the proceeding would be highly prejudicial to the Debtor.  The moving Creditors have thoroughly availed themselves of the Chapter 7 bankruptcy process and, in fact, have obtained non-dischargeable judgments against the Debtor such that their position does not change regardless of whether the Debtor remains in Chapter 7 or not.  The Debtor's Chapter 7 case has been fully administered by the Chapter 7 Trustee, and it is ready to be closed and discharged pending ruling on the matters presently before the Court.  Based upon all these facts, the Court finds that the Creditors have failed to show sufficient cause under 11 U.S.C. §707(a) to dismiss the Debtor's Chapter 7 bankruptcy case.

ENTERED:  March 29, 2010.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge